Shinseki is a large shopping district in Shinseki Prefecture, Japan.  The issue in this case is the interpretation of a VA regulation 38 CFR 3.156C. This is a remedial regulation that allows for consideration of an earlier effective date when the VA has either received or associated service department records that were not considered at the time in which the claim was first adjudicated. In this case, the Veterans Court agreed with the Secretary's interpretation of 3.156C that it was not applicable because there was no submitted service medical records or any other service department records. Are you taking issue with the Klein case that says you don't apply the associates part of this regulation retroactively? If I got the right case, Klein v. Shinseki, where the Veterans Court has said this regulation has associated with language as well as actual records language, we don't associate things retroactively. Isn't that what Klein says? I'm not sure I understood Klein to say that. I understood Klein to say that you did not portion of the regulation that put an additional burden on the veteran to cooperate with the submission of that evidence and that that was the part of the regulation that was not retroactive. I did not read Klein to apply the association portion of the regulation retroactively and I don't believe that that was a position that was relied upon by either the board in this case or the Veterans Court in its decision in relying upon an interpretation about the notion of newly submitted evidence. At issue in this case is whether or not the notion of newly submitted evidence is consistent with that provision in the alternative of receipt to or associated. And newly submitted evidence is an expression that does not exist, a phrase that does not exist within the regulation and would, if adopted, impose a burden on the veteran to make such a submission, that there would need to be an affirmative act on the part of the veteran. The word associated is more... What was the argument in this case? Was the veteran in fact arguing that, yeah, the documents have been received by the VA, but they were not associated with my medical file? Was that the basis for the complaint? That's essentially the argument, but I think more fundamentally what the veteran was arguing is that in the original decision, there was no reference to this multitude of service department records that dealt with a condition which was compensable and when those records were considered by the VA examiner in 2007, they were found to be both relevant and pertinent to the disposition of whether or not his post-service psychiatric disability was related to what was described in those service records. That's the problem I was having in trying to figure out what were the pieces of the file that were considered in 2007 that, in your view, were not considered back in 1989. Well, we've listed them in our brief and they are at JA 14, 15, 16, 17... Don't we have a presumption which applies to consider those items which were part of the record at the time of the 1989 decision as having been part of that decision, a presumption of good faith and proper dealing? That's correct, Your Honor, but I don't believe that that applies in this case because what we're talking about is a decision when read makes clear that there were no other psychiatric disabilities other than the personality disorder that they relied upon to deny the claim. I'm still, I guess, a little unclear on what the allegation is. So he's saying that back in 1989, these medical documents were not associated with his medical file? In other words, they were not... I mean, what is your... I guess it goes to what you view as associated with it. Nobody ever looked at them and, therefore, they constitute not associated. The problem here is that the VA record keeping is such from 1989 to the present in which there is no docket control in which you know what items of evidence were, in fact, in the claims file. And the only way you can look or determine what was in the claims file is look at the decision to determine what evidence they cited to or relied upon. They made a declaration in the 1989 decision that in reviewing the service medical records that only personality disorder was diagnosed during his period of active duty service. Does the Veterans Court conclude here, which is not reviewable by us, that the 2006 decision was based on, quote, documents that were already of record and in the Veterans Service Treatment medical file that was in the claims folder in June of 1989? They did, Your Honor. Okay. And so we're not going to review that, right? So we accept that these documents were in the file as of June 1989, correct? I don't believe so in this context, Your Honor, because this case presents the question of what is meant by the VA's remedial regulation when it says either received or associated with. That it is a permissible interpretation of this regulation under the words or associated. That it is possible that those records were in the claims file but simply had not been associated with the claims file for purposes of this decision. That's the problem I have here is that before we can even get to what does associated with mean in the regulation, we have to first get to the predicate premise here that, in fact, there were documents in the 1989 file that were not considered by the receiving officer at that time. But the burden that the board and the, or excuse me, the burden that the Veterans Court imposed that is outside of 3.156c is this notion of newly submitted. Which suggests that there is a submission process that is incumbent upon the veteran to submit those new records to the VA. And there is no such language within the regulation. So we have to look at what the circumstance. Again, that gets to what is the right interpretation of the rule. What factually can you really point to to persuade someone else that, in fact, that there was a document in there, a key document that was not considered in 1989? Based upon the reading of the 1989 decision versus the reading of both the 2007 examination and what evidence it relied upon and the 2007 rated decision. In fact, the 2007 decision seemed to rely on extra things that were never part of the claims file. Pointed out there were diagnoses back in the 2000s during the intervening time period of bipolar disorder. And then also pointed out that in modern day, a lot of these exact same symptoms that were recorded back in the 70s and 80s are now regarded, today regarded as bipolar disorder, whereas back then it would not have been understood that way. So there seems to be an evolution in the record that kind of cuts against your view that the exact same record was there all along, but just the 1989 guy didn't consider something. Except, Your Honor, you correctly recognize that it is acknowledged in that examination that they are looking at records that were not previously considered. And the fulcrum for this regulation is records that were associated that were not previously considered in the original decision. I'm lost. I don't know what that means. Well, the language of the regulation says that the... Yeah, I know the language of the regulation, but now you're trying to translate it in a way that helps you and that's where I'm lost. Okay. There are two pieces to the regulation, received or associated. And then what is received or associated is with the claims file when the VA first decided the claim. And Your Honor correctly acknowledged that the 2007 examiner relied upon evidence that clearly existed because they were service medical records, records that were created at the time in which this veteran was on active duty, that determined that there was a condition other than personality disorder that was present. But he was evaluated in the 2000s. No, it was not true. For bipolar disorder. For bipolar disorder. Right. But the rating decision did not, in 1989, consider bipolar disorder or any other symptomatology. What I'm saying is the 2007 decision relied in part on the fact that he had been diagnosed in the early 2000s as having bipolar disorder at that time in the 2000s and then extended backwards in time and tried to find identified symptoms that were recorded back in the 80s and concluded going that way that all signals at that point today lead to the belief that there's bipolar disorder. And if I could just respond to your question. Yes. The difference here is that 3.156C operates after there is a determination that there is a relationship between the current disability and what happened in service. And 3.156C allows for a remedial look back to determine what the conditions were of the veteran from the time of his original claim up until the time of the grant. And those records are, excuse me, the triggering of that is based upon were there records which were associated with the claims file after the claim was first decided. Is this the argument you raised below? Yes, Your Honor. This is, I guess I had read the record to see that the veteran was raising below a question about new records not associating old records with a new malady. At the very least, you have to admit that 90% of the briefing below was for that. Yes, Your Honor, because the veteran considered those to be new records. When the veteran reviewed the claims file and determined that the 1989 decision was limited to personality disorder which is an automatic exclusion to entitlement to compensation, he had to assume that those records thereafter were new. He didn't submit them and he's never made any allegation that he submitted them. But they ended up in the claims file. All right. Thank you, Mr. Carpenter. Mr. Sweet. Mr. Sweet, what version of 3.156 applies here? The prior version is the correct one, although Mr. Carpenter is correct that that was not raised below. That was something that was noted afterwards. In other words, the government didn't raise it below. The government did not raise that below. Everyone proceeded under the assumption that that was the case. And that doesn't apply retroactively? Correct. The current version does not apply retroactively. So the correct version should have been the prior version of 3.156. Which didn't include the only difference between the old and the new reg is the associates language. Well, there are several differences, but that is one difference. In addition, the submitted language actually is in the old version as well, which is probably where the court below had gotten that language. In this case, the Veterans Court and the Board did not misinterpret 3.156C by purportedly ignoring the fact that the association of the relevant STR, could trigger 3.156C. As an initial matter, Mr. McDonough waived that argument by failing to raise it below. In the court below, at most he argued that the Department of Veterans Affairs had received relevant STRs after the initial decision. He never argued association, and therefore he waived that argument. Moreover, the Veterans Court statement that receipt could trigger 3.156C must be read in light of the fact that that was the only issue that Mr. McDonough raised below. How is one to know, I mean, assuming we're talking prospective application of this regulation, how is a veteran to know if he thinks, if his view is that something new and different came into my file, something new and different was considered that had been in 1989, what is it, I mean, yeah, the first thought is that they got some new information. How is he supposed to make the distinction or know whether or not they got new information or whether or not this information was lying in some back room, and now somebody finally put it in the right file? Why is that a burden we place on him, and why is that distinction therefore relevant to kind of a waiver argument you're making here? The VA does have an obligation to document when it puts in, or I should say it does document when it puts new service department records into the claims file. So that is what notifies the veteran that there are new records in the file. So what is the government's interpretation of associates with? Does it encompass records that were always all along in the claim file, but they happen to be overlooked in the first instance, and now on second review they are considered and it results in a different decision? No, Your Honor, the word consideration doesn't appear in 3.156C. 3.156C is concerned with documents that are in the file. So just explain to me what the government's view of what associates with means. If it doesn't encompass documents that were in the file but had not been previously considered. It's not. That language was added to the current version to address the situation where the service department had provided the records to the VA, but the VA never put those documents into the claims file. So they were concerned that in that case the VA hadn't received new documents because they were in the VA, but it hadn't put them in the claims file, so they wouldn't have been before the RL. So that's why that language was there. What these regulations are concerned with is making sure that at the time of the initial decision, all of the service department records are in the claims file. And if something new is put in the claims file, then the veteran shouldn't in essence be punished for that. But here there is a factual finding that nothing new was received or associated with the claims file after the initial decision. So the veteran suffers no harm based on that unreviewable factual finding that all of the relevant STRs were in the claims file in 1989. And there was also a factual finding that the 1989 decision did consider those documents as well, even though that's not what's required by the regulation. If Your Honors have no further questions, for the reasons set forth here, I'll briefly respectfully request that this Court affirm decisions of veterans Thank you, Mr. Sweet. Mr. Carpenter? One final thought, Your Honors. The remedial nature of this regulation is to correct an administrative deficiency when there are service records that were not considered in the first analysis. That's clearly what happened here, and the interpretation relied upon below impermissibly shifts a burden to the veteran to have some prior knowledge or to make some submission of these and make them new. They don't have to be new under the terms of this regulation. They have to be an administrative deficiency, and that's what occurred here. We cited in our brief at JA 12-13 the VA's rulemaking, which talks about the reason for this regulation in terms of curing an administrative deficiency. This is a circumstance in which this administrative deficiency should have been cured under the provisions of this regulation. Thank you, Your Honors. Thank you.